UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, ss.                                        Civil Action No.

DAMON ASHER (Formerly Damon )
Milhem)                      )
    Plaintiff,            )
v.                           )     **NOTICE OF REMOVAL**
                             )
DISCOVER FINANCIAL           )     04-40071
SERVICES, INC.               )
    Defendant             )
                             )

To:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
    COURT FOR THE DISTRICT OF MASSACHUSETTS:

1.    Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, Discover Financial Services, Inc. ("Discover") files this Notice of Removal in connection with the above-entitled action and sets out below the grounds for this Notice of Removal.

2.    This action was filed by the plaintiff, on or about March 13, 2004 in the District Court of Leominster, Worcester County, Commonwealth of Massachusetts. Plaintiff served a summons and copy of the Complaint on Discover on or about April 7, 2004.

3.    In its Complaint, Plaintiff asserts a claim against Discover pursuant to 15 U.S.C. § 1666 et seq., also known as The Fair Credit Billing Act ("FCBA").

4.    Because Plaintiff has asserted a Federal claim against Discover, this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331. Removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

FILING FEE PAID:
RECEIPT # 40437
AMOUNT $ 150.00
BY DPTY. CLK
DATE 5-7-04

5.   This Notice of Removal is filed with the Court on a timely basis under 28 U.S.C. § 1446(b).

6.   Promptly after filing this Notice of Removal, Discover will give written notice hereof to all adverse parties and will file a copy hereof with the State Court.

7.   A copy of all process, pleadings and orders served upon Discover to date is attached hereto as Exhibit A.

DISCOVER FINANCIAL SERVICES, INC.
By its attorneys,

Kevin C. Maynard, BBO #550669
Andrew J. Drayer, BBO# 647192
BULKLEY, RICHARDSON &
GELINAS, LLP
One Post Office Square, Suite 3700
Boston, MA 0109
Phone: (617) 368-2500
Fax:   (617) 617-368-2525

Dated: May 6, 2004

## CERTIFICATE OF SERVICE

I, Andrew J. Drayer, hereby certify that a true and accurate copy of the above document was served upon all counsel of record by first class mail, postage prepaid, on May 6, 2004.

Andrew J. Drayer



Case 4:04-cv-40071-FDS    Document 1    Filed 05/07/2004    Page 3 of 15

Uniform Form DCM-1J
AR4-76

# Trial Court of The Commonwealth
## District Courts of Massachusetts
### District Court of Leominster

DAMON ASHER (Formerly Damon Milhem)

   Plaintiff

v.

DISCOVER FINANCIAL SERVICES, INC.

   Defendant

Civil Action No. __0461 CV 110__

## SUMMONS
(Rule 4)

To defendant __Discover Financial Services, Inc.__ of __Boston, MA   (Registered Agent)__
         (Name)              (Address)

You are hereby summoned and required to serve upon __Kimberly Asher, Esq.__, plaintiff('s attorney), whose address is __102 Stoneleigh Rd., Holden, MA   01520__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS __JOHN J. CURRAN, JR.__, Presiding Justice, on __April 1, 2004__
                            (Date)

(SEAL)

                        Clerk

Note:
(1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On __4/7/04__ (Date of Service), I served a copy of the within summons, together with a copy of the complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_____ (Signature)

_____ (Name and Title)

_____ (Address)

Note:
(1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f)
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

FORM 2410   HOBBS & WARREN, INC

COMMONWEALTH OF MASSACHUSETTS
District Courts of Massachusetts
Worcester District Court; Leominster Division

C.A. NO.   0461 CV 110

DAMON ASHER (formerly Damon Milhem))
          Plaintiff            )
                               )
v.                             )                COMPLAINT
                               )
                               )
DISCOVER FINANCIAL SERVICES, INC. )
          Defendant            )

## PARTIES

1. The plaintiff, Damon Asher (formerly Damon Milhem), has, at all material times, resided at 102 Stoneleigh Road, Holden, Massachusetts.

2. The defendant, Discover Financial Services, Inc., [hereinafter "Discover"], is a corporation incorporated in the State of Delaware and with a principal place of business located at 2500 Lake Cook Road, Riverwoods, Illinois. Discover has a registered agent located at, 101 Federal Street, Boston, Massachusetts.

3. At all material times the defendant, Discover, was registered to do business in the Commonwealth of Massachusetts, was conducting business within the Commonwealth of Massachusetts, and was subject to the rules and laws of the Commonwealth of Massachusetts.

## FACTS

4. At all material times Discover was doing business with an internet company vendor, Cyberrebates, com.

5. On or about March 20, 2001 to May 3, 2001, Damon Asher used his Discover card to make purchases from Cyberrebates.com.

6. The services that Mr. Asher contracted for with Cyberrebates.com included both the receipt of durable goods and the receipt of 100% of the price paid for such goods within three (3) months of Mr. Asher's initial payment.

7. On or about May 14, 2001, Mr. Asher was notified that Cyberrebates.com was filing for bankruptcy.

8. Cyberreate.com failed to fulfill its obligations under its contract with Mr. Asher by not delivering the goods and services contracted for in accordance with the agreement made at

the time of these transactions, namely the checks for 100% of the monies originally paid by Mr. Asher.

9. On or about May 16, 2001, in compliance with 15 USCS § 1666(a), Mr. Asher provided written notice to Discover setting forth his discrepancy with Cyberrebate.com as a billing error, and requesting that Discover place all of the charges in question in dispute.

10. Discover failed to place the charges made between March 20, 2001 to May 3, 2001 in dispute.

11. On or about June 1, 2001 Discover sent written notification disavowing liability for the charges in question on the basis that Mr. Asher's claims were "separate from the underlying purchase transaction made to your Discover Card Account".

12. Following receipt of this letter, Mr. Asher and his wife spoke to Discover representatives on several occasions regarding the billing error and Discover's obligations under 15 USCS § 1666.

13. During at least two of these telephone calls, in an attempt to end the telephone conversation with Mr. Asher and/or his wife, Discover's agents made representations that were later determined to be false and misleading.

14. During this time Mr. Asher also made several requests pursuant to 15 USCS § 1666(a)(B)(ii) and M.G.L. ch. 140D, § 29, that Discover "provide copies of documentary evidence of the obligor's indebtedness", including but not limited to written procedures, protocols, and/or guidelines, to support or substantiate Discover's position regarding this matter.

15. Discover failed to provide such documentation.

16. As a result of Discover's failure to correct these billing errors, Mr. Asher failed to receive more than $13,900.00 in services that were contracted for in his agreement with Cyberrebates.com.

17. On July 6, 2001 Mr. Asher served a demand letter pursuant to M.G.L. ch. 93A, § 9 on Discover at the Office of its CEO in Delaware, at its Dispute Department in Utah, and at its Legal Department/Agent in Arizona via first class mail, return receipt requested. The grounds for this 93A Claim were Discover Financial Services, Inc.'s violations of 15 USCS § 1666 and M.G.L. ch. 140D, §§ 29, 32, and 34.

18. Although Mr. Asher received the return receipt from all three of Discover's above stated offices, Discover has failed to make any reply to the demand letter.

## CAUSES OF ACTION

1. This is an action by the plaintiff, Damon Asher, against the defendant, Discover Financial Services, Inc., for failure to "make appropriate corrections in the account of the obligor" in violation of 15 USCS § 1666.

2. This is an action by the plaintiff, Damon Asher, against the defendant, Discover Financial Services, Inc., for failure to "provide copies of documentary evidence of the obligor's indebtedness" in violation of 15 USCS § 1666(a)(B)(ii) and M.G.L. ch. 140D, § 19.

3. This is an action by the plaintiff, Damon Asher, against the defendant, Discover Financial Services, Inc., for the use of willful, knowingly unfair, and deceptive acts and trade practices in violation of M.G.L. ch. 140D, § 34 and M.G.L. ch. 93A, § 9.

4. This is an action by the plaintiff, Damon Asher, against the defendant, Discover Financial Services, Inc., for violation of M.G.L. ch. 140D, § 29 and M.G.L. ch. 140D, § 32.

## DEMANDS FOR RELIEF

1. The plaintiff demands Judgment against the defendant, Discover Financial Services, Inc., on the First Cause of Action, with interest and costs.

2. The plaintiff demands Judgment against the defendant, Discover Financial Services, Inc., on the Second Cause of Action, with interest and costs.

3. The plaintiff demands Judgment against the defendant, Discover Financial Services, Inc., on the Third Cause of Action, with interest, costs, and treble damages.

4. The plaintiff demands Judgment against the defendant, Discover Financial Services, Inc., on the Fourth Cause of Action, with interest, costs, and finance charges.

## JURY CLAIM

The plaintiff reserves the right to have the case remanded to Superior Court for a trial by jury.

The Plaintiff, Damon Asher
By His Attorney

_Kimberly Asher_
KIMBERLY J. ASHER, ESQUIRE
Sworn: March 5, 2004
102 Stoneleigh Road
Holden, MA 01520

Dated: March 13, 2004

COMMONWEALTH OF MASSACHUSETTS
District Courts of Massachusetts
Worcester District Court; Leominster Division

C.A. NO.  0461 CV 110

DAMON ASHER (formerly Damon Milhem))
    Plaintiff    )
)
v.    )
)
DISCOVER FINANCIAL SERVICES, INC.)
    Defendant    )

## AFFIDAVIT OF REJECTION PURSUANT TO M.G.L. ch. 93A § 9

I, Damon Asher, under oath, depose and say the following:

1. On July 6, 2001, I served a demand letter pursuant to M.G.L. ch. 93A, § 9 on Discover Financial Services, Inc. at the Office of The CEO, 34 Starlifter Avenue, Dover Delaware via first class mail, return receipt.

2. The demand letter set forth the dispute, including references to the statutory violations, documentation of the actual damages, and notification to Discover Financial Services, Inc. that a reply was required within 30 days from receipt of the demand pursuant to Massachusetts Law. (A copy of the Demand Letter is attached as Exhibit 1).

2. On July 6, 2001, I also served a carbon copy of the letter pursuant to M.G.L. ch. 93A, § 9 on Discover Financial Services, Inc. at its Dispute Department, P.O. Box 30943, West Valley City, Utah, and at it Legal Department/Agent, P.O. Box 29019, Phoenix, Arizona via first class mail, return receipt.

3. I received signed return receipts from all three of the above departments within two weeks of services, dated July 9, 2001, July 10, 2001, and July 17, 2001 respectively. (Copies of the return receipts are attached as Exhibit 2).

4.  To date, I have received no response to my demand from Discover Financial Services, Inc., or from anyone acting on Discover Financial Services, Inc.'s behalf, and Discover Financial Services has failed to correct the billing error.

Signed under the pains and penalties of perjury this 13th day of March, 2004.

_____
DAMON ASHER

# EXHIBIT 1

# Damon R. Milhem
# Kimberly J. Milhem

102 Stoneleigh Road
Holden, Ma 01520
(508) 829-2636

July 6, 2001

**VIA CERTIFIED MAIL**

Discover Financial Services, Inc.
Attention: Office of the CEO
34 Starlifter Avenue
Dover, DL 19901

RE: Damon R. Milhem
Account No. 6011-0016-7061-6665

## DEMAND LETTER PURSUANT TO M.G.L. 93A

Sir or Madam:

I am writing this letter on advise of counsel. If this matter is not resolved I will obtain representation and pursue any and all available legal remedies. This is a written demand for relief pursuant to the Massachusetts Consumer Protection Act, MASS. GEN. LAWS ch. 93A, § 9, MASS. GEN. LAWS ch. 140D, §§ 29, 32, and 34, and 15 USCS § 1666.

I made numerous purchases from an internet company, Cyberrebate.com using my Discover Platinum Card. At the time of these transactions, I entered into a contract with Cyberrebate.com for both the physical goods purchased and for the services advertised by this company in issuing a 100% rebate check for these items 10-14 weeks after receiving the rebate submission. As consideration for these goods and services, I tendered to the Cyberrebate corporation approximately 10 times the market value of the goods themselves, and allowed Cyberrebate.com to utilize the monies I paid in these transactions for a three to five month period. I fulfilled my obligations under this contract in paying the inflated value for the good, and in following the procedures set forth and advertised on the Cyberrebate.com website for recouping the full value of the money I paid. (Please see attached a page printed from the Cyberrebate.com website which advertises the procedures for the rebate service). Cyberrebate.com failed to fulfill its obligations and satisfy that contract by not delivering the goods and services in accordance with the agreement made at the time of these transactions.

On May 16, 2001, in compliance with 15 USCS § 1666(a), I provided written notice to Discover Financial Services setting forth my discrepancy with Cyberrebate.com and requesting that all of the charges in question be placed in dispute by Discover Financial Services. (Please see attached my letter to Discover Financial Services setting forth the dates and amounts of the incomplete transactions). On May 17, 2001, I received four letters from Discover Financial Services confirming

Page 2
July 6, 2001

that charges made on or prior to March 16, 2001 had been placed in dispute. Discover Financial Services did not address the requested disputed charges dating March 20, 2001 to May 3, 2001. On June 1, 2001, Discover Financial Services sent written notification to me stating that:

> We have determined that the transaction was valid because you authorized the amount charged to your account, and you received the merchandise. We cannot assist you with any rebate arrangement you may have had with the merchant. Such an arrangement is separate from the underlying purchase transaction made to your Discover Card Account.

Following receipt of this letter my wife, Kimberly Milhem, called Discover Customer Service and the Discovery Dispute Department and spoke with numerous representatives. Although a Discover representative (Victor from the Dispute Department) acknowledged that "the agreement was that sometime in the future you [Milhem] would get a rebate so the merchandise would be free", no Discover Financial Service agent was able to provide documentation or reasoning as to why the rebate service contracted between myself and Cyberrebate.com did not constitute a "service" as defined in 15 USCS § 1666(b)(3):

> (b) Billing error. For the purpose of this section, a "billing error" consists of any of the following:...
> (3) ... goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction..

Discover representatives simply stated that the investigation team at headquarters concluded that the rebate was separate from the transaction for the merchandise and that the Discover Corporation never got involved in disputes over a manufacturer's rebate. [Please note that the transactions in question do not involve a "manufacturer's rebate"].

Further, although repeatedly requested, Discover Financial Corporation failed to provide any documentation, including but not limited to written procedures, protocols, and/or guidelines, to support or substantiate their position regarding this matter. As such, please consider this letter as a written request, pursuant to the 15 USCS § 1666(a)(B)(ii), "provide copies of documentary evidence of the obligor's indebtedness."

Finally, I have complied with the terms of the agreement regarding returns, and in fact, returned all of the items purchased from Cyberrebate.com using the Discover credit card. The agreement to purchase has been rescinded. As such, all appropriate charges to my account from Cyberrebate.com, along with any and all finance charges which have accumulated since my letter of May 16, 2001, should be credited to my account forthwith.

Representatives for Discover Financial Services have violated 15 USCS § 1666 and MASS. GEN. LAWS ch. 140D, §§ 29, 32, and 34 in failing to "make appropriate corrections in the account of the obligor, including the crediting of any finance charges". This failure constitutes unfair and deceptive acts and practices declared unlawful by MASS. GEN. LAWS ch. 93A, § 9. This letter serves as formal notice of my intention to pursue legal action against Discover Financial Services, Inc. in the

Page 3
July 6, 2001

event Discover Financial Services, Inc. does not satisfactorily resolve the disputed charges to my Discover Platinum Card for transactions with the Cyberrebate.com corporation.

Accordingly, demand is hereby made that Discover Financial Services cancel all charges to my account made by Cyberrebate.com which are listed in the attached letter dated May 16, 2001, and that the appropriate credit, including finance charges, be made to my account. If Discover Financial Services fails to resolve this matter, they may be liable for attorney's costs and fees incurred in this matter. A failure by Discover Financial Services to comply with this demand within thirty (30) days of the date of this letter will compel me to file a civil action complaint for violation of the Massachusetts Consumer Protection Act, MASS. GEN. LAWS ch. 140D, §§ 29, 32, and 34, and 15 USCS § 1666.

If I retain counsel and file an action against Discover Financial Services pursuant to MASS. GEN. LAWS ch. 93A, § 9, and the conduct of Discover Financial Services is found to be unfair and/or deceptive, I will be awarded damages and attorney's fees incurred in the prosecution of this mater. Furthermore, if the court determines that Discover Financial Services conduct was willful or knowingly unfair and deceptive, the court may award treble damages, but not less than double damages. In addition other punitive damages may be awarded under MASS. GEN. LAWS ch. 176D.

I look forward to your prompt reply.

Very truly yours,

Damon Milhem

DRM/kjm
cc:   Discover Financial Services, Inc. Dispute Department
      Discover Financial Services, Inc. Legal Department

04-40071

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Damon Asher (Formerly Damon Milhem)

## DEFENDANTS
Discover Financial Services, Inc.

(b) County of Residence of First Listed Plaintiff **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED CLERKS OFFICE
2004 MAY -3 A 10: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kimberly J. Asher, Esq.
102 Stoneleigh Road
Holden, MA 01520

Attorneys (If Known) Kevin C. Maynard, Esq.
Andrew J. Drayer, Esq.
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Ste. 3700
Boston, MA 02109

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff is pursuing a claim under The Fair Credit Billing Act, 15 U.S.C. 1666.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

**04-40071**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Damon Asher (Formerly Damon Milhem)__
   __v. Discover Financial Services, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☒  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None.__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐       Central Division ☐       Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐       Central Division ☒       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Andrew J. Drayer, Esq., Kevin C. Maynard, Esq.__
ADDRESS __Bulkley, Richardson and Gelinas, LLP, One Post Office Square, Boston, MA 02109__
TELEPHONE NO. __617-368-2500__

(Coversheetlocal.wpd - 10/17/02)