UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WORCESTER, ss.                                         Civil Action No. 04 CV 40071 NMG

| | |
|---|---|
| DAMON ASHER (Formerly Damon Milhem) ) )<br>    Plaintiff, )<br>v. )<br>)<br>DISCOVER FINANCIAL )<br>SERVICES, INC. )<br>    Defendant )<br>) | **RESPONSE OF DISCOVER FINANCIAL SERVICES, INC. TO OBJECTION OF PLAINTIFF TO NOTICE OF REMOVAL** |

      Defendant, Discover Financial Services, Inc. ("Discover"), hereby responds to the document plaintiff filed on May 11, 2004, styled, "Plaintiff's Objection To Defendant, Discover Financial Services, Inc.'s Notice To Remove The Case To U.S. District Court." A copy of the Plaintiff's Objection is attached for the Court's convenience as Exhibit A. The plaintiff's filing is inappropriate procedurally, as the proper method to contest removal to this Court is a motion to remand pursuant to 28 U.S.C. § 1447(c). In any event, even if the Court treats the Plaintiff's Objection as a request to remand, the request should be denied because plaintiff's complaint clearly alleges a Federal law claim, as is further set forth below.

      The plaintiff identifies no legal basis for his Objection[1] and relies exclusively on his bald assertion that the Federal claim he admittedly alleges "does not involve the interpretation" of the Federal law he claims Discover violated. Exhibit A. The plaintiff's assertion is patently incorrect and, in any event misstates the test for determining whether a case has been properly removed.

---

[1] Plaintiff ignores the mandate of Local Rule 7.1, and cites no authorities in support of his arguments.

28 U.S.C. § 1441(b) states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable . . . ." Id. "The Supreme Court has made clear that, when determining if a case has been properly removed, a court must inquire 'whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer.'" Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995) (quoting Hernandez-Agosto v. Romero Barcelo, 748 F.2d 1, 2 (1st Cir. 1984), citing Gully v. First National Bank, 299 U.S. 109, 112, 81 L. Ed. 70, 57 S. Ct. 96 (1936), Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983) and Taylor v. Anderson, 234 U.S. 74, 75-76, 58 L. Ed. 1218, 34 S. Ct. 724 (1914)).

Plaintiff has alleged in his complaint, and acknowledges in his Objection, that his claims are founded on 15 U.S.C. § 1666. Complaint, ¶¶ 1–2 (Causes of Action); Exhibit A, ¶ 1. There is no question here that "the plaintiff's claim to relief rests upon a Federal right . . ." Hernandez-Agosto, supra, and is properly removable. See also 28 U.S.C. § 1441(b).

As an alternative ground for remand, 28 U.S.C. § 1447(c) provides that within 30 days of removal, a motion for remand is appropriate on "the basis of any defect other than lack of subject matter jurisdiction." The plaintiff has not identified any defect warranting remand of this case. The plaintiff only complains that 15 U.S.C. § 1666 requires no "interpretation" and that the state law claims involve "complicated Massachusetts state law . . . [which] [t]he Massachusetts State Court is more familiar with, and in a better position to understand . . . interpret, and apply . . . ." Exhibit A, ¶¶ 2

2

and 4.  Again, the plaintiff cites no supporting authorities for his assertions.  Given the existence of Federal question jurisdiction, the Court has supplemental jurisdiction over plaintiff's state law claims.  28 U.S.C. § 1367.  The fact that those supplemental state law claims may be "complicated" obviously does not destroy Federal jurisdiction.  See Penobscot Indian Nation v. Key Bank, 112 F.3d 538, 564 (1st Cir. 1997), cert. denied, 522 U. S. 913 (1997).

WHEREFORE, Discover respectfully requests that this Court deny or overrule Plaintiff's Objection To Defendant, Discover Financial Services, Inc.'s Notice To Remove The Case To U.S. District Court, and award Discover its reasonable attorney's fees and costs in connection with opposing the plaintiff's Objection.

>Respectfully submitted,
>
>DISCOVER FINANCIAL SERVICES, INC.
>By its attorneys,
>
>   /s/ Andrew J. Drayer
>Kevin C. Maynard, BBO #550669
>Andrew J. Drayer, BBO #647192
>BULKLEY, RICHARDSON & GELINAS, LLP
>One Post Office Square, Suite 3700
>Boston, Massachusetts 0109
>Phone:  (617) 368-2500
>Fax:     (617) 368-2525

Dated:  May 17, 2004

## CERTIFICATE OF SERVICE

I, Andrew J. Drayer, hereby certify that a true and accurate copy of the above document was served upon all counsel of record by first class mail, postage prepaid, on May 17, 2004.

>   /s/ Andrew J. Drayer
>Andrew J. Drayer