UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

WORCESTER, ss                                         C.A. NO.  04 CV 40071 NMG

DAMON ASHER (formerly Damon Milhem))
              Plaintiff         )
                               )
v.                              )
                               )
DISCOVER FINANCIAL SERVICES, INC. )
              Defendant      )

**PLAINTIFF'S MOTION TO REMAND THIS CASE TO THE COMMONWEALTH OF
MASSACHUSETTS WORCESTER DISTRICT COURT; LEOMINSTER DIVISION**

Now comes the Plaintiff, Damon Asher, and, pursuant to 28 U.S.C. § 1447(c), respectfully

moves this Court to remand the present action to the Commonwealth of Massachusetts Worcester

District Court; Leominster Division. As grounds for this objection the Plaintiff states as follows:

1.     This action was originally filed in the Commonwealth of Massachusetts Worcester District

Court; Leominster Division on or about March 13, 2004.  Plaintiff served a copy of the

Complaint and Summons on Defendant Discover Financial Services, Inc. ("Discover")on or

about April 7, 2004

2.     The original Complaint contained counts for violations of 15 USCS § 1666 (the Federal Fair

Credit Billing Act), Massachusetts General Law ch. 140D, §§ 29, 32, and 34, and

Massachusetts General Law ch. 93A §9.

3.     On May 6, 2004 Defendant Discover filed a Notice of Removal to the U.S. District Court;

District of Massachusetts claiming that, because of the alleged violations of 15 USCS §

1666, the U.S. District Court had original jurisdiction over the action pursuant to 28 USCS §

1331 and removal was proper pursuant to 28 USCS § 1441.

4.     Plaintiff filed his Objection to the Notice of Removal on May 11, 2004.

5.     On May 24, 2004 the Plaintiff, as a matter of course pursuant to Fed.R.Civ.Proc. 15, filed his

Amended Complaint which dropped his claim for alleged violations of 15 USCS § 1666.

6.   As such there is no Federal question at issue and only claims for violations of Massachusetts

State Law remain. Therefore, the U.S. District Court has no jurisdiction over this matter.

7.   Because this Court lacks subject matter jurisdiction over the present case, 28 U.S.C. §

1447(c) requires that the case be remanded to State Court.

### CONCLUSION

For the above reasons, the Plaintiff respectfully requests that this Court pursuant to 28 U.S.C.

§ 1447(c), respectfully moves this Court to remand the present action to the Commonwealth of

Massachusetts Worcester District Court; Leominster Division.

Respectfully submitted,
The Plaintiff, by his attorney,

KIMBERLY J. ASHER, ESQ.
BBO# 657115

102 Stoneleigh Road
Holden, MA  01520
(781) 290-5788

Dated:  May 24, 2004

## CERTIFICATE OF SERVICE

I, Kimberly J. Asher, attorney for the Plaintiff, hereby certify that on May 24, 2004, I served a copy of the foregoing **Plaintiff's Motion to Remand this Case to the Commonwealth of Massachusetts Worcester District Court; Leominster Division,** via first class mail by mailing copies thereof, to:

Kevin Maynard, Esquire
Bulkley, Richardson and Gelinas, LLP
1500 Main Street
Suite 2700
Post Office Box 15507
Springfield, MA 01115-5507

Andrew J. Drayer, Esquire
Bulkley, Richardson and Gelinas, LLP
Law Offices
One Post Office Square
Suite 370
Boston, MA 02109

KIMBERLY J. ASHER, ESQ.
BBO# 657115

102 Stoneleigh Road
Holden, MA 01520
(781) 290-5788

Dated: May 24, 2004